IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CERRONE FURMAN,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | **NO. 11-4342** |
| | : | |
| **DEBRA K. SAUERS, THE DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY OF** | : | |
| **PHILADELPHIA, and THE ATTORNEY** | : | |
| **GENERAL OF THE STATE OF** | : | |
| **PENNSYLVANIA,** | : | |
| Respondents. | : | |

**DuBOIS, J.**                                                                                              **August 29, 2012**

**M E M O R A N D U M**

**I. INTRODUCTION**

This is a habeas case. Petitioner Cerrone Furman was convicted of second degree murder, robbery, possession of the instrument of a crime, and conspiracy in the Court of Common Pleas of Philadelphia County on April 27, 2005. He was sentenced to, inter alia, life imprisonment on the second degree murder count on June 17, 2005.

Petitioner filed a pro se Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254 on July 5, 2011. This Court referred the matter to United States Magistrate Judge Arnold C. Rapoport for a Report and Recommendation ("R & R"). Magistrate Judge Rapoport submitted his R & R on April 19, 2012, recommending that the Court dismiss the Petition as untimely. Petitioner filed Objections to the R & R on May 8, 2012, and respondents filed their Response to Petitioner's Objections on May 8, 2012. By Order dated August 6, 2012, the Court directed respondents to file a supplemental response, which respondents did on August 17, 2012. For the reasons that follow, the Court remands the Petition to Magistrate Judge Rapoport for a supplemental report and recommendation in accordance with this Memorandum.

## II. BACKGROUND[1]

On April 27, 2005, petitioner was convicted of second degree murder, robbery, possession of the instrument of a crime, and conspiracy in the Court of Common Pleas of Philadelphia County.  (R & R 1.)  He was sentenced on June 17, 2005, to life imprisonment on the second-degree-murder count, five to ten years' imprisonment on the conspiracy count, and two to five years' imprisonment on the possession count.  (Id. at 1–2.)  The robbery count merged with the murder count for sentencing purposes.  (Resp. Pet. Writ Habeas Corpus ("Resp. Habeas Pet.") 6 n.6.)

Petitioner filed a timely appeal to the Pennsylvania Superior Court, which, on September 13, 2006, affirmed his conviction.  (R & R 2.)  The Pennsylvania Supreme Court denied allocatur on February 22, 2007, and petitioner did not seek review in the United States Supreme Court.  (Id.)  The time for seeking review in the United States Supreme Court expired on May 23, 2007.  (Id.)

On June 15, 2007, petitioner filed a pro se petition in the Court of Common Pleas of Philadelphia County under the Pennsylvania Post-Conviction Relief Act ("PCRA").  (Id.)  Petitioner then retained as counsel Royce L. Morris, Esquire, who filed an amended PCRA petition asserting trial-counsel error and newly discovered evidence.  (Id.)  On November 13, 2008, the PCRA court filed notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907(1).  (Id.)  Petitioner filed a pro se response to the notice of intent to dismiss, and the PCRA court dismissed the PCRA petition on December 12, 2008.  (Id. at 2–3.)

---

[1] This Memorandum will recount only the facts necessary to decide the question of the timeliness of the Petition.

Petitioner had thirty days to file an appeal of the PCRA court's denial of the PCRA petition; that period expired on January 11, 2009.  See Commonwealth v. Robinson, 837 A.2d 1157, 1162 (Pa. 2003) (citing 42 Pa. Cons. Stat. § 5505).  On January 27, 2009, petitioner's counsel filed a Motion for Leave to File Notice of Appeal Nunc Pro Tunc.[2]  (R & R 3.)  Petitioner's counsel "referenc[ed] his caseload and admitted he had been advised of the filing deadline for the notice of appeal and made various attempts to timely meet it, but claimed his attempts to file the notice electronically and via facsimile failed."  (Superior Court PCRA Opinion, Resp. Pet. Habeas Corpus Ex. C, at 12.)  In the motion, petitioner's counsel wrote that he "was advised of the filing deadline for the Notice of Appeal" by an associate in his office and "made various attempts to meet the filing deadline."  (Motion for Leave to File Notice of Appeal Nunc Pro Tunc ¶¶ 8, 12.)  On that issue, he stated that his secretary attempted to file the notice of appeal electronically and by facsimile but was unsuccessful because the Court of Common Pleas did not permit those filing methods in criminal cases.  (Id.)  In a letter to petitioner dated July 14, 2010, petitioner's counsel wrote that his "secretary was unsuccessful filing the appeal electronically as she was advised that she could do [so] by the Philadelphia Court of Common Pleas."  (Letter from Royce L. Morris, Esquire, to Petitioner dated July 14, 2010 ("7/14/10 Letter"), Objections Ex. B, at 1.)

On February 13, 2009, the PCRA court issued a two-sentence order granting petitioner leave to file a nunc pro tunc appeal of its denial of the PCRA petition.  (R & R 3.)  On February 20, 2009, petitioner filed a notice of appeal.  (Id.)  On July 7, 2010, the Pennsylvania Superior Court reversed the PCRA court and vacated the February 13, 2009, order granting leave to file

---

[2] The motion is dated January 16, 2009, (Motion for Leave to File Notice of Appeal Nunc Pro Tunc, Objections Ex. A), but both the R & R and Superior Court referred to it as having been filed on January 27, 2009.

3

nunc pro tunc appeal, holding that the PCRA court lacked jurisdiction to permit an untimely appeal and should have denied petitioner's motion as an untimely second PCRA petition.  (Id.; see also Superior Court PCRA Opinion 6–13.)  In the July 7, 2010, order, the Superior Court also affirmed the December 12, 2008, order denying the PCRA petition, stating in one footnote that the PCRA court properly denied petitioner's after-discovered evidence claim and in another footnote that "even had Appellant properly preserved his remaining ineffective assistance of counsel claims . . . our review of the record revealed overwhelming evidence in support of his guilt."  (Superior Court PCRA opinion 12 n.5 & 13 n.6.)

Petitioner then filed a pro se appeal of the Pennsylvania Superior Court's July 7, 2010, ruling to the Pennsylvania Supreme Court.  (R & R 3.)  Petitioner's appeal was dated July 29, 2010.  (Notice of Appeal, Objections Ex. C.)  The Pennsylvania Supreme Court denied allocatur on April 26, 2011.  (R & R 3.)  Petitioner filed his Petition in this Court on June 27, 2011.  (Id.)  The Petition was referred to United States Magistrate Judge Arnold C. Rapoport for a Report and Recommendation.  Petitioner filed a pro se Memorandum of Law on January 17, 2012, and respondents filed a response on March 29, 2012.

On April 19, 2012, Magistrate Judge Rapoport filed an R &R in which he recommended that the Petition be dismissed as untimely.  The R & R stated first that the Petition was untimely under the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), because the Petition was not filed within approximately eleven months of January 12, 2009, the date on which the PCRA court's

4

denial of the PCRA petition became final.[3] (R & R 4–8.) Although the PCRA court originally granted petitioner leave to file an untimely appeal and the one-year statute of limitations would otherwise have been tolled during that appeal, the Magistrate Judge recommended that this Court rule that the Superior Court's reversal of the PCRA court's ruling meant that remaining time under 28 U.S.C. § 2254(d)(1) began to run on January 12, 2009. (R & R 4–8.) The R & R also stated that petitioner was not entitled to equitable tolling of the statute of limitations. (Id. at 8–10.)

Petitioner filed pro se Objections to the R & R on May 8, 2012, asserting numerous arguments as to why his Petition was timely. Petitioner argues, inter alia, that he relied on the PCRA court's grant of leave to file a nunc pro tunc appeal in waiting to file a federal habeas petition, that "state officials were to blame for petitioner's counsel not filing a timely appeal to the itial [sic] PCRA court's dismissal on December 12, 2008" because "the courts clerk had given Appeal Counsel the wrong information to inable [sic] him to file the Appeal" (Objections 1); that his Petition was delayed "due to state officials [sic] failure to transmit the full record" to the Superior Court on appeal (id. at 3); and that "if the blame is not fully due to state officials, then appeal counsel Royce Morris is to blame," (id. at 4). Respondents filed a response to petitioner's Objections on May 8, 2012, arguing simply that petitioner "presents no legitimate argument or reason to support his request that the Report and Recommendation be rejected." (Resp. Pet'r's Objs. 1.)

By Order dated August 6, 2012, the Court directed respondents to file a supplemental response addressing whether petitioner is entitled to equitable tolling based on the February 13,

---

[3] Just under one month of the limitations period elapsed between May 23, 2007, when petitioner's conviction became final on direct review, and June 15, 2007, when petitioner filed his pro se PCRA petition.

2009, Order of the PCRA court granting leave to file a notice of appeal nunc pro tunc. Respondents filed their Supplemental Response on August 17, 2012, in which they argue that "[e]ven if petitioner's belief that the PCRA court's grant of leave to appeal nunc pro tunc tolled the federal habeas statute of limitations could amount to an extraordinary circumstance that prevents timely filing of his federal habeas petition, that belief could no longer have reasonably existed after July 7, 2010, when the Pennsylvania Superior Court vacated the order reinstating his appellate rights." (Supp. Resp. 2.)

## III. STANDARD OF REVIEW

Where a court refers a habeas petition to a magistrate judge, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made . . . [and] the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c). Accordingly, the Court must make a de novo determination of those portions of Magistrate Judge Rapoport's R & R to which petitioner objects.

## IV. DISCUSSION

In his Objections, petitioner challenges the R & R's recommendation that the Petition is untimely. This Memorandum addresses first whether the Petition was filed within the AEDPA statute of limitations, then addresses whether petitioner is entitled to equitable tolling. For the following reasons, the Court concludes that, absent equitable tolling, the Petition was not filed within the one-year statute of limitations. However, because equitable tolling applies, the Court concludes that the Petition is timely.

### A. AEDPA Limitations Period

Under AEDPA, a state prisoner must file his or her habeas corpus petition within one year of the date petitioner's judgment of conviction "became final by the conclusion of direct

6

review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4] AEDPA's statute of limitations contains a tolling exception whereby "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id. § 2244(d)(2).

The Pennsylvania Supreme Court denied allocatur as to petitioner's direct appeal on February 22, 2007. Petitioner had ninety days thereafter to file a petition for a writ of certiorari with the United States Supreme Court, meaning that his judgment of conviction became final on May 23, 2007. See Kapral v. United States, 166 F.3d 565, 570–71 (3d Cir. 1999) ("[I]f a defendant does not file a certiorari petition, the judgment of conviction does not become 'final' until the time for seeking certiorari review expires."). Petitioner filed his PCRA petition on June 15, 2007, at which point 342 days remained on the AEDPA statute of limitations. Under § 2244(d)(2), the time from June 15, 2007, until the PCRA court's decision became final— January 11, 2009—was excluded from the calculation.

Although the PCRA court issued an order deeming petitioner's notice of appeal to be timely filed notwithstanding that it was filed sixteen days late, the Pennsylvania Superior Court vacated that order and concluded that the PCRA court lacked jurisdiction to enter it. While a timely appeal would have continued tolling the AEDPA statute of limitations, the Superior

---

[4] Under § 2244(d)(1), in addition to the date on which the petitioner's conviction becomes final, the start date can also run from the latest of: (1) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. § 2244(d)(1)(A)–(D). None of these provisions are applicable in this case.

Court's ruling—left undisturbed by the Pennsylvania Supreme Court—means that the statute of limitations period for petitioner to file a federal habeas petition began to run again on January 11, 2009, and was not stopped by the PCRA court's erroneous allowance of a nunc pro tunc appeal. Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005) ("In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading."). The Supreme Court held in Pace— a Pennsylvania case—that a state court's ruling on timeliness is the "'end of the matter'" under AEDPA, even if that ruling is rendered on appeal. Id. at 414 (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)). Rejecting the argument that "a petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that [his post-conviction relief motion] was never 'properly filed,'" the Supreme Court held that a petitioner facing "reasonable confusion about whether a state filing would be timely" should file a protective federal habeas petition. Id. at 416. No such protective petition was filed in this case.

Accordingly, the R & R correctly stated that petitioner is not entitled to statutory tolling under AEDPA for the period from January 27, 2009, to April 26, 2011, while his appeal of the denial of his PCRA petition was pending first in the Pennsylvania Superior Court and then in the Pennsylvania Supreme Court.

**B. Equitable Tolling**

Petitioner also argues that he is entitled to equitable tolling because, in waiting until after the Pennsylvania Supreme Court denied allocatur to file the Petition, he relied on the PCRA

8

court's grant of leave to file a nunc pro tunc appeal.[5] (Objections 3 ("Petitioner was obviously relying on the authority and prestige of the courts [sic] order that granted his rights nunc pro tunc and the time restrictions being restarted again.").)

### 1. Standard for Equitable Tolling

Section 2244's one-year statute of limitations is subject to equitable tolling. However, "equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' Moreover, to be entitled to equitable tolling, '[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (alterations in original) (citation omitted) (quoting Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)). The Third Circuit has explained that equitable tolling "'may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.'" United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) (quoting Kocian v. Getty Ref. & Mktg. Co., 707 F.2d 748, 753 (3d Cir. 1983)).

### 2. Analysis

The Court concludes that, on this case, the totality of the circumstances surrounding the PCRA's grant of leave to file a nunc pro tunc appeal, as well as the subsequent appeals,

---

[5] Because the Court concludes that petitioner is entitled to equitable tolling based on his reliance on the PCRA court's grant of leave to file an untimely appeal, the Court does not reach petitioner's arguments about the state courts' improper transmittal of the record and the alleged ineffectiveness of his PCRA counsel.

constitute an "'extraordinary circumstance [that] stood in [petitioner's] way and prevented timely filing.'" Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (quoting Holland v. Florida, 130 S. Ct. 2549, 2562–63 (2010). The PCRA court granted petitioner, who was represented by counsel, leave to file an appeal that was just sixteen days late. The PCRA court's order consisted of two sentences with no citation to authority. (PCRA Court Order, Objections Ex. A.) The PCRA court's order did not give petitioner any notice that the issue of the PCRA court's authority to grant the motion was controversial, that the order might be vacated, or that he should file a protective federal habeas petition. At that point, petitioner reasonably assumed the Superior Court would reach the merits of his appeal. When the Superior Court ruled against him, petitioner filed a pro se appeal to the Pennsylvania Supreme Court less than a month later, attempting to "invoke[] for his appeal rights to be tolled." (Pro Se Notice of Appeal, Objections Ex. C.) Just two months and a day after the Pennsylvania Supreme Court denied allocatur, petitioner filed his Petition in this Court.

      Taken together, these circumstances constitute an "extraordinary circumstance" that justifies equitable tolling of the AEDPA statute of limitations from the PCRA court's grant of leave to file a nunc pro tunc appeal of its denial of the PCRA petition on February 13, 2009, until the Pennsylvania Supreme Court denied allocatur on April 26, 2011. In recent guidance as to application of equitable tolling in habeas cases, the Supreme Court has "emphasiz[ed] the need for 'flexibility' [and] for avoiding 'mechanical rules.'" Holland, 130 S. Ct. 2563 (quoting Holmberg v. Armbrecht, 327 U.S. 392, 396 (1946)). Courts should seek "to 'relieve hardships which, from time to time, arise from a hard and fast adherence' to more absolute legal rules, which, if strictly applied, threaten the 'evils of archaic rigidity.'" Id. (quoting Hazel–Atlas Glass Co. v. Hartford–Empire Co., 322 U.S. 238, 248 (1944)). In this case, where the PCRA court

granted leave to file a nunc pro tunc appeal and the petitioner relied on that ruling in waiting for the Superior Court to rule and in appealing to the Pennsylvania Supreme Court, "'principles of equity would make the rigid application of a limitation period unfair.'"  Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011) (quoting Miller, 145 F.3d at 618); see also Holland, 130 S. Ct. at 2563 (stating that whether to apply equitable tolling is an issue of "whether . . . [to] excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law").

The second requirement for application of equitable tolling is met because the record demonstrates that petitioner diligently pursued his rights.  The Motion for Leave to File Notice of Appeal Nunc Pro Tunc was only sixteen days late.  Faced with the Superior Court's reversal of the PCRA court's order, petitioner filed a pro se appeal to the Pennsylvania Supreme Court only twenty-two days later.  When the Pennsylvania Supreme Court ruled adversely, petitioner filed his pro se Petition in this Court just two months and one day later.  All told, had petitioner's PCRA appeal been timely, less than four months would have run on the AEDPA statute of limitations—far under the one-year limit, and far less than in the many cases finding a lack of reasonable diligence.  To the contrary, unlike the petitioners in the vast majority of cases in which courts have concluded that equitable tolling was not appropriate, petitioner did not sit on his rights for many months or years before filing his Petition.  E.g., Garrick v. Vaughn, 62 F. App'x 122, 125 (3d Cir. 2005) (finding lack of diligence where petitioner waited almost a decade prior to AEDPA's passage before attempting to file a habeas petition); see also Pace, 544 U.S. at 419 ("[N]ot only did petitioner sit on his rights for years before he filed his PCRA petition, but he also sat on them for five more months after his PCRA proceedings became final before deciding to seek relief in federal court.").

The Court thus concludes that petitioner is entitled to equitable tolling from February 13, 2009, until the Pennsylvania Supreme Court denied allocatur on April 26, 2011.  Accordingly, in addition to the time tolled while petitioner's direct appeal and PCRA petition were pending, petitioner had approximately nine months remaining on the one-year AEDPA statute of limitations when he filed the Petition.  See 28 U.S.C. § 2244(d).  The Petition was thus timely.

**V. CONCLUSION**

The Court concludes that equitable tolling applies to render the Petition timely. Because Magistrate Judge Rapoport's R & R addressed only the timeliness of the Petition, the Court remands this case to Magistrate Judge Rapoport for a supplemental report and recommendation. The supplemental report and recommendation should analyze (1) whether any of petitioner's claims are procedurally defaulted, (2) the merits of any of petitioner's claims that are not procedurally defaulted, and (3) any other issues deemed appropriate.

An appropriate Order follows.