IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CERRONE FURMAN,** <br> Petitioner, <br><br> v. <br><br> **DEBRA K. SAUERS, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA; and, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** <br> Respondents. | **CIVIL ACTION** <br><br><br><br> **NO. 11-4342** |

# O R D E R

**AND NOW,** this 28th day of August, 2013, upon consideration of Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey dated July 30, 2013,[1] petitioner's Objections to the Report and Recommendation, Response to Petitioner's Objections to the Magistrate Judge's Report and Recommendation, and the record in this case, **IT IS ORDERED** as follows:

1. The supplemental Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey dated July 30, 2013, is **APPROVED** and **ADOPTED**;

2. The Objections to Magistrate's Report and Recommendation are **OVERRULED** for the reasons stated in the Report and Recommendation;

3. The Petition for Writ of Habeas Corpus filed by Cerrone Furman is **DENIED** and **DISMISSED**; and,

4. A certificate of appealability will not issue because reasonable jurists would not debate this Court's rulings as required under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

[1] This is a supplemental Report and Recommendation. See Order dated August 29, 2012.

The Court has approved the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey dated July 30, 2013. Most of what is set forth in the Objections was addressed by Magistrate Judge Hey in the Report and Recommendation, and the Court is in complete agreement with the Report and Recommendation.

Petitioner raises a new argument in his Objections – that the victim in the case was a close relative of a high ranking police captain. As a consequence, petitioner seeks discovery of "police corruption."

Local Civil Rule 72.1(IV)(c) provides as follows:

> "All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."

The issue of the alleged relationship between the victim and a high ranking police captain was not presented to the magistrate judge. It was not raised until the filing of Objections to the Report and Recommendation. The Court concludes that the interest of justice does not require it to address that issue under the circumstances presented.

**BY THE COURT:**

    s/ Jan E. DuBois
**DuBOIS, JAN E., J.**