**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CERRONE FURMAN,** <br> **Petitioner,** <br><br> **v.** <br><br> **DEBRA K. SAUERS, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA; and, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** <br> **Respondents.** | **CIVIL ACTION** <br><br><br><br> **NO. 11-4342** |

**DuBOIS, J.** **March 23, 2021**

**M E M O R A N D U M**

## I. INTRODUCTION

*Pro se* petitioner, Cerrone Furman, is serving a life sentence in Pennsylvania state prison. Presently before the Court is *pro se* petitioner's Application for Relief Seeking Equitable Relief Pursuant to F. R. Civ. P. 60(b)(6)[&](7) ("Rule 60 Motion"), which seeks relief from the Court's Order dated August 28, 2013, dismissing and denying his 28 U.S.C. § 2254 petition. He argues relief is warranted based on *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). For the reasons that follow, the Motion is denied.

## II. BACKGROUND[1]

On April 27, 2005, following a jury trial in Pennsylvania state court, Furman was convicted of second-degree murder, robbery, possessing instruments of crime, and conspiracy. On June 17, 2005, he was sentenced to, *inter alia*, life imprisonment. Furman, through counsel, filed a timely appeal. The Superior Court affirmed the judgment of sentence, and the

[1] The facts of this case are set forth at length in United States Magistrate Judge Elizabeth T. Hey's Report and Recommendation dated July 30, 2013. They are recited in this Memorandum only as necessary to address *pro se* petitioner's Rule 60 Motion.

Pennsylvania Supreme Court denied his subsequent petition for allowance of appeal.

On June 15, 2007, Furman filed a *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9551. He subsequently retained counsel and filed an amended petition. He argued, *inter alia*, that his trial counsel was ineffective for presenting a guilt-based defense and making negative statements that implicated him in the crimes. On December 12, 2008, "following a review of the pleadings, record, and submission of counsel," the PCRA court determined Furman was not entitled to PCRA relief and "dismissed/denied" the petition. *Commonwealth v. Furman*, No. CP-51-CR-0402822-2001, Order (Phila. C.C.P. Dec. 12, 2008).

Furman did not timely appeal the decision of the PCRA court. After the time to appeal expired, he filed a Motion for Leave to File a Notice of Appeal Nunc Pro Tunc, which the PCRA court granted on February 13, 2009. *See Commonwealth v. Furman*, No. CP-51-CR-0402822-2001, Order, (Phila. C.C.P. Feb. 13, 2009). In the counseled appeal, Furman claimed, *inter alia*, that the PCRA court erred in refusing to grant the petition based on his allegations of ineffective assistance of counsel. *See Commonwealth v. Furman*, No. 587 EDA 2009, at 6 (Pa. Super. July 7, 2010).

On July 7, 2010, the Superior Court vacated the PCRA court's order reinstating Furman's right to appeal and affirmed the denial of PCRA relief. *Id.* The Superior Court concluded that the PCRA court lacked jurisdiction to reinstate Furman's appellate rights because he had "neither pled nor proved any exceptions to the PCRA timebar." *Id.* at 12. Therefore, the Superior Court concluded that Furman's Motion for Leave to Appeal was a second PCRA petition, not an appeal of his first petition, and the court dismissed it as untimely. *Id.* at 12-13. The Pennsylvania

Supreme Court denied Furman's petition for allowance of appeal. *Commonwealth v. Furman*, 550 EAL 2010 (Pa. Apr. 26, 2011).

Furman filed a petition pursuant to 28 U.S.C. § 2254 in this Court on June 27, 2011 and a supplement to the petition on October 13, 2011. He claimed, *inter alia*, that (1) his trial counsel was ineffective because counsel presented a guilt-based defense and made negative statements implicating Furman in the crimes; and (2) his PCRA counsel was ineffective for failing to challenge trial counsel's concessions and failing to file a timely notice of appeal.

In a Report and Recommendation dated July 20, 2013 (the "R & R"), United States Magistrate Judge Elizabeth T. Hey concluded, "Furman's allegations that his trial counsel was ineffective for presenting a guilt-based defense and making negative statements implicating Furman are procedurally defaulted" because the PCRA appellate court rejected his claims based on independent and adequate state procedural rules. R&R, 13. Judge Hey interpreted Furman's claim that his appellate PCRA counsel was ineffective for failing to timely appeal the denial of PCRA relief as an attempt to show cause for the default. *Id.* at 14. However, because ineffectiveness of counsel can only constitute cause to excuse procedural default when the ineffectiveness is of a constitutional magnitude, and a defendant does not have a constitutional right to counsel on PCRA review, the alleged ineffectiveness, even if proven, could not constitute cause for the procedural default. *Id.* at 14-15. Judge Hey also noted in her R & R that, under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), ineffectiveness of state collateral review counsel can constitute cause in limited circumstances when counsel's ineffectiveness at an initial post-conviction proceeding causes the procedural default. *Id.* at 15 n.14. However, because Furman presented his arguments to the PCRA court and the procedural default occurred on his

PCRA appeal, the *Martinez* exception did not apply. *Id.*

This Court approved and adopted the R & R on August 28, 2013. The Third Circuit denied Furman's request for a certificate of appealability on December 16, 2013. Document No. 47 at 1.

*Pro se* petitioner filed the pending Rule 60 Motion on July 20, 2018.[2] In the Motion, he seeks relief based on *McCoy v. Louisiana*, which ruled that the Sixth Amendment gives criminal defendants the right to "to insist that counsel refrain from admitting guilt" before the jury. 138 S. Ct. 1500, 1505 (2018). *Pro se* petitioner alleges that his trial counsel was ineffective under *McCoy* on the grounds that he "expressly told" his attorney that "his prerogative was to put on a defense of innocence," but his trial attorney "went on to implicate this defendant in [his] closing [argument]." Rule 60 Mot., 4. He further argues that (1) to the extent the claim was denied on PCRA review, his PCRA counsel was ineffective for failing to pursue the claim further, and (2) to the extent the claim was dismissed as untimely on his PCRA appeal, his PCRA appellate counsel was ineffective for failing to timely appeal the denial of his PCRA petition. *Id.* at 3.

The Government responded to *pro se* petitioner's Rule 60(b) Motion on February 12, 2021. The Motion is thus ripe for decision.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) allows a court to grant a party relief from a final judgment in specified circumstances. Rule 60(b)(6), the catch-all provision, permits a party to seek relief "when the movant shows 'any. . . reason justifying relief from the operation of the

[2] *Pro se* petitioner states that he seeks relief pursuant to F. R. Civ. P. 60(b)(6) and (7). There is no Rule 60(b)(7). The Court reads *pro se* petitioner's Motion liberally but concludes that he raises only an ineffective assistance of counsel argument, which does not fall under the circumstances outlined in Rule 60(b)(1)-(5). As such, the Court analyzes his arguments under Rule 60(b)(6) only.

judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)."[3] *Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (citations omitted). However, "courts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Cox v. Horn*, 757 F. 3d 113, 120 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). Such extraordinary circumstances "rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535. Moreover, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997). A motion brought pursuant to Rule 60(b)(6) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

## IV. ANALYSIS

### A. Timeliness

*Pro se* petitioner argues the Rule 60 Motion is based on *McCoy v. Louisiana*, which was decided on May 14, 2018. He filed the Motion on July 20, 2018, less than three months after the *McCoy* decision. In response, the Government argues the Motion is untimely because it was filed almost five years after the entry of the judgment on *pro se* petitioner's habeas petition on August 28, 2013. Gov't's Resp. 3.

"A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse a party's failure to proceed sooner." *Taylor*

---

[3] A habeas petitioner cannot avoid the second or successive gatekeeping mechanism of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") by raising habeas claims in a filing that he designates as a Rule 60(b) motion. *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). A motion that attacks the habeas court's previous resolution of a claim on the merits constitutes a second or successive habeas petition. *Id.* at 532 (emphasis omitted). A motion that "challenges only the District Court's failure to reach the merits" based on a procedural ruling is a proper Rule 60(b) motion. *Id.* at 538.

*v. Wetzel*, No. 04-553, 2014 WL 5242076, at *6 (M.D. Pa. Oct. 15, 2014) (quoting *Gordon v. Monoson*, 239 Fed. App'x 710, 713 (3d Cir. 2007)).

*Pro se* petitioner's Rule 60 Motion is based on *McCoy v. Louisiana*, which was decided on May 14, 2018. He filed the Motion within three months of that decision. The Court thus concludes that the Motion was timely filed.

**B. Ineffective Assistance of Counsel Argument**

*Pro se* petitioner claims his trial counsel was ineffective under *McCoy* on the grounds that he presented a guilt-based defense and made comments in his closing argument that implicated him in the crimes, over his objections. Rule 60(b) Mot., 4. He argues that, to the extent this claim was dismissed in his initial habeas petition due to procedural fault, the claim was defaulted because his PCRA counsel was ineffective for not pursing his the claim further and his PCRA appellate counsel was ineffective for failing to timely appeal his PCRA denial. *Id.* at 2-4. In response, the Government argues *pro se* petitioner is not entitled to relief because (1) his claim is procedurally defaulted, and *McCoy* does not excuse the default; and (2) *McCoy* does not present extraordinary circumstances justifying relief.

*1. Applicable Law*

A federal writ of habeas corpus may not be granted to a person incarcerated pursuant to a state court judgment unless he or she has first exhausted the remedies available in state court. 28 U.S.C. § 2254(b)(1). Thus, "[w]hen a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court" because it is procedurally defaulted. *Ylst v. Nunnemaker,* 501 U.S. 797, 801 (1991). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an

independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

"A state rule provides an independent and adequate basis for precluding federal review of a claim if the rule speaks in unmistakable terms, all state appellate courts refused to review the petitioner's claims on the merits, and the state courts' refusal was consistent with other decisions, that is, the procedural rule was consistently and regularly applied." *Albrecht v. Horn*, 485 F.3d 103, 115 (3d Cir. 2007) (internal alterations and quotation marks omitted) (quoting *Doctor v. Walters,* 96 F.3d 675, 683–84 (3d Cir. 1996)). *See generally* James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 26.1 (7th ed. 2016) (discussing the criteria used to determine whether a state procedural rule constitutes an independent and adequate state ground). Such a rule is independent "when resolution of the state procedural law question [does not] depend[ ] on a federal constitutional ruling." *Ake v. Oklahoma,* 470 U.S. 68, 75 (1985).

A state procedural rule will not bar federal review of a habeas claim unless that rule was firmly established and regularly followed at the time the default occurred. *Ford v. Georgia,* 498 U.S. 411, 424 (1991). "As such, in determining whether a particular state rule is independent and adequate, the Court must identify the state procedural rule, ascertain the time at which the alleged default occurred and then decide whether the rule was firmly established and regularly and consistently applied at the time the alleged default occurred." *Laird v. Horn*, 159 F. Supp. 2d 58, 74 (E.D. Pa. 2001).

Although procedurally defaulted claims are barred as a general rule, a federal court may reach such claims upon a showing of cause and prejudice or a fundamental miscarriage of justice. *Id.* at 70; *see also Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000) ("[C]laims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner establishes cause and prejudice or a fundamental miscarriage of justice to excuse the default.") (internal quotation marks omitted) (citing *Coleman,* 501 U.S. at 731).

To establish "cause" for procedural default, "the petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Werts v. Vaughn,* 228 F.3d 178, 193 (3d Cir. 2000) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)), *cert. denied*, 532 U.S. 980 (2001). A petitioner can show cause by demonstrating, for example, "a factual or legal basis for a claim was not reasonably available to counsel or . . . interference by government officials sufficient to make compliance [with the state procedural rule] impracticable." *Id.* at 193 (citing *Murray,* 477 U.S. at 488).

To show "prejudice," the petitioner must prove "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (emphasis in original). "This standard essentially requires the petitioner to show he was denied 'fundamental fairness' at trial." *Werts,* 228 F.3d at 193.

Finally, "[t]o show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime, by presenting new evidence of innocence." *Keller v.*

*Larkins*, 251 F.3d 408, 415-16 (3d Cir. 2001) (internal citation omitted) (citing *Schlup v. Delo,* 513 U.S. 298, 316 (1995), *McCleskey v. Zant,* 499 U.S. 467, 494 (1991)).

*2.* Pro Se *Petitioner's Argument*

In his § 2254 Petition, Furman claimed his trial counsel was ineffective for presenting a guilt-based defense over his objections. This Court dismissed the claims as procedurally defaulted because Furman failed to appeal the denial of the claims in his PCRA review. R & R, 14. Failure to exhaust state administrative remedies is independent and adequate state grounds for procedural default. *See Paolino v. Glunt*, No. 11-cv-5436, 2012 WL 7018081, at *9-10 (E.D. Pa. Jan. 12, 2012) (concluding that petitioner's claims were procedurally defaulted because, although petitioner raised them in his initial PCRA proceedings, he did not pursue the claims on appeal).

In his Rule 60(b) Motion, *pro se* petitioner argues that *McCoy* alters the Court's analysis as to his ineffectiveness claim in that his procedural default should be excused because his initial PCRA counsel and appellate PCRA counsel were also ineffective.[4] Rule 60(b) Mot., 3. In response, the Government argues *McCoy* does not apply to *pro se* petitioner's claim because the Court dismissed *pro se* petitioner's ineffective assistance of counsel claim based on procedural default, without considering the merits. Gov't's Resp., 4-5. The Court agrees with the Government on this issue.

Although *pro se* petitioner claims that *McCoy* changes the Court's analysis of his claim,

[4] As a preliminary matter, the Court must determine whether the Motion is a proper Rule 60 motion or an improper second or successive habeas petition. *Pro se* petitioner argues that the Court improperly dismissed his ineffective assistance of counsel claim as procedurally defaulted. Because the Court did not address the merits of the claim and *pro se* petitioner now challenges the Court's ruling with respect to the procedural default, the Court concludes the Rule 60 Motion is not a second or subsequent habeas petition and thus is a proper Rule 60 motion.

his argument in his Motion does not depend on the *McCoy* decision. Rather, *pro se* petitioner relies on *Martinez v. Ryan* for the proposition that ineffective assistance of counsel can excuse procedural default on initial PCRA review in limited circumstances. *Id.*

As a preliminary matter, the Court notes that this argument was available to *pro se* petitioner to raise—and in fact was raised, addressed, and rejected—in his initial habeas petition. The Court rejects it again here.

*Martinez* does not apply to *pro se* petitioner's case. *Martinez* excuses procedural default only when ineffective assistance of counsel on initial state collateral review prevents the state court from hearing a claim of ineffective assistance of trial counsel, causing a procedural default. 132 S. Ct. at 1315. This equitable exception exists because "if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims." *Id.* at 1316. In this case, *pro se* petitioner's PCRA counsel raised the ineffectiveness of trial counsel claim on initial PCRA review, and the PCRA court reviewed rejected the claim. *Commonwealth v. Furman*, No. CP-51-CR-0402822-2001, Order (Phila. C.C.P. Dec. 12, 2008). As such, *Martinez* does not apply to excuse the procedural default. Because *pro se* petitioner's ineffective assistance of counsel claim is procedurally defaulted and the *McCoy* decision does not excuse the procedural default, the Court concludes *pro se* petitioner has not shown cause excusing the procedural default.

Because *pro se* petitioner is unable to show cause for the procedural default, he can excuse the default only if he shows a fundamental miscarriage of justice. However, *pro se* petitioner does not present new evidence that he is actually innocent of the crimes of conviction, and he does not argue that he is actually innocent. Accordingly, *pro se* petitioner has not shown

a fundamental miscarriage of justice necessary to excuse the procedural default. The Court thus concludes that *pro se* petitioner has not shown extraordinary circumstances justifying relief under Rule 60(b)(6).[5]

## V. CONCLUSION

For the forgoing reasons, *pro se* petitioner's Rule 60 Motion is denied. A certificate of appealability will not issue because reasonable jurists would not debate the propriety of this Court's procedural ruling with respect to *pro se* petitioner's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

[5] Because the Court concludes that *pro se* petitioner's claim is procedurally defaulted, and he is, therefore, not entitled to relief under *McCoy*, the Court need not consider the Government's argument that the *McCoy* decision cannot present extraordinary circumstances justifying relief under Rule 60(b)(6).