# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CERRONE FURMAN, <br> Petitioner, <br> v. <br> DEBRA K. SAUERS,  THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, <br> Respondents. | CIVIL ACTION <br><br><br> NO. 11-4342 |

DuBOIS, J.                                                                                                                          June 4, 2021

## M E M O R A N D U M

### I.     INTRODUCTION

*Pro se* petitioner, Cerrone Furman, is serving a life sentence in Pennsylvania state prison. Presently before the Court is *pro se* petitioner's Application for Relief Seeking Equitable Relief Pursuant to F. R. Civ. P. 60(b)(6)[&](7) ("Rule 60(b) Motion"), in which he seeks relief from the Order of the Court dated August 28, 2013, dismissing and denying his 28 U.S.C. § 2254 petition. He argues relief is warranted based on *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018).   For the reasons that follow, the Motion is denied.

### II.    BACKGROUND[1]

On April 27, 2005, following a jury trial in Pennsylvania state court, Furman was convicted of second-degree murder, robbery, possessing instruments of crime, and conspiracy. On June 17, 2005, he was sentenced to, *inter alia*, life imprisonment.   Furman, through counsel, filed a timely appeal.   The Superior Court affirmed the judgment of sentence, and the

---

[1] The facts of this case are set forth at length in United States Magistrate Judge Elizabeth T. Hey's Report and Recommendation dated July 30, 2013.   They are recited in this Memorandum only as necessary to address *pro se* petitioner's Rule 60(b) Motion.

Pennsylvania Supreme Court denied his petition for allowance of appeal.

On June 15, 2007, Furman filed a *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9551. He subsequently retained counsel and filed an amended petition. The PCRA Court "determined that [Furman] had not stated a claim which entitled him to PCRA relief" and issued "a notice pursuant to Pa. R. Crim. P. 907 indicating that, after twenty days, the petition would be dismissed without further proceedings." *Commonwealth v. Furman*, No. CP-51-CR-0402822-2001, slip op. at 3 (Phila. C.C.P. Dec. 10, 2009). Furman "filed a *pro se* answer to the notice claiming that his petition should not be dismissed" because, *inter alia*, "his trial counsel was ineffective for allegedly making negative comments about him during his closing." *Id.* On December 12, 2008, "after consideration of appellant's answer to the 907 notice, appellant's petition for PCRA relief was formally dismissed." *Id.* at 3-4; *see also Commonwealth v. Furman*, No. CP-51-CR-0402822-2001, Order (Phila. C.C.P. Dec. 12, 2008).

Furman did not timely appeal the decision of the PCRA court. After the time to appeal expired, he filed a Motion for Leave to File a Notice of Appeal Nunc Pro Tunc, which the PCRA court granted on February 13, 2009. *See Commonwealth v. Furman*, No. CP-51-CR-0402822-2001, Order (Phila. C.C.P. Feb. 13, 2009). In his counseled appeal, Furman claimed, *inter alia*, that the PCRA court erred in refusing to grant the petition based on his allegations of ineffective assistance of counsel. *See Commonwealth v. Furman*, No. 587 EDA 2009, slip op. at 6 (Pa. Super. July 7, 2010).

On July 7, 2010, the Superior Court vacated the PCRA court's order reinstating Furman's right to appeal and affirmed the denial of PCRA relief. *Id.* The Superior Court concluded that

the PCRA court lacked jurisdiction to reinstate Furman's appellate rights because he had "neither pled nor proved any exceptions to the PCRA timebar." *Id.* at 12. Therefore, the Superior Court ruled that Furman's Motion for Leave to Appeal was a second PCRA petition, not an appeal of his first petition, and dismissed it as untimely. *Id.* at 12-13. The Pennsylvania Supreme Court denied Furman's petition for allowance of appeal. *Commonwealth v. Furman*, 550 EAL 2010 (Pa. Apr. 26, 2011).

Furman filed a petition pursuant to 28 U.S.C. § 2254 in this Court on June 27, 2011, and a supplement to the petition on October 13, 2011. He claimed, *inter alia*, that (1) his trial counsel was ineffective because counsel presented a guilt-based defense and made negative statements implicating Furman in the crimes; and (2) his PCRA counsel was ineffective for failing to challenge trial counsel's concessions and failing to file a timely notice of appeal.

In a Report and Recommendation dated July 20, 2013 (the "R & R"), United States Magistrate Judge Elizabeth T. Hey concluded, "Furman's allegations that his trial counsel was ineffective for presenting a guilt-based defense and making negative statements implicating Furman are procedurally defaulted" because the PCRA appellate court rejected his claims based on independent and adequate state procedural rules. R & R, 13. Judge Hey interpreted Furman's claim that his appellate PCRA counsel was ineffective for failing to timely appeal the denial of PCRA relief as an attempt to show cause for the default. *Id.* at 14. Continuing, Judge Hey stated that because ineffectiveness of counsel can only constitute cause to excuse procedural default when the ineffectiveness is of a constitutional magnitude, and a defendant does not have a constitutional right to counsel on PCRA review, the ineffectiveness claimed by Furman, even if proven, could not constitute cause for the procedural default. *Id.* at 14-15. Judge Hey also

3

explained in her R & R that, under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), ineffectiveness of state collateral review counsel can constitute cause only when counsel's ineffectiveness in failing to present an ineffective assistance of trial counsel argument at an initial post-conviction proceeding causes a procedural default of that argument. *Id.* at 15 n.14. Because Furman presented his arguments to the PCRA court and the procedural default occurred on his PCRA appeal, Judge Hey concluded the *Martinez* exception did not apply. *Id.*

This Court approved and adopted the R & R on August 28, 2013. The Third Circuit denied Furman's request for a certificate of appealability on December 16, 2013. Document No. 47 at 1.

*Pro se* petitioner filed the pending Rule 60(b) Motion on July 20, 2018.[2] In the Motion, he seeks relief based on *McCoy v. Louisiana*, which ruled that the Sixth Amendment gives criminal defendants the right to "to insist that counsel refrain from admitting guilt" before the jury. 138 S. Ct. 1500, 1505 (2018). *Pro se* petitioner alleges that his trial counsel was ineffective under *McCoy* on the ground that he "expressly told" his attorney that "his prerogative was to put on a defense of innocence," but his trial attorney "went on to implicate this defendant in [his] closing [argument]." Rule 60(b) Mot., 4. He further argues that (1) to the extent the claim was denied on PCRA review, his PCRA counsel was ineffective, and (2) to the extent the claim was dismissed as untimely on his PCRA appeal, his PCRA appellate counsel was ineffective for failing to timely appeal the denial of his PCRA petition. *Id.* at 3.

The Government responded to *pro se* petitioner's Rule 60(b) Motion on February 12,

---

[2] In the Motion, *pro se* petitioner states that he seeks relief pursuant to Fed. R. Civ. P. 60(b)(6) and (7). There is no Rule 60(b)(7). The Court reads *pro se* petitioner's Motion liberally but concludes that he raises only an ineffective assistance of counsel argument which does not fall under the circumstances outlined in Rule 60(b)(1)-(5). As such, the Court analyzes the arguments in his Motion under Rule 60(b)(6).

4

2021. *Pro se* petitioner filed a Reply on May 3, 2021, stating that he also seeks relief pursuant to Federal Rules of Civil Procedure 60(b)(3) and (d)(3). The Motion is thus ripe for decision.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) allows a court to grant a party relief from a final judgment in specified circumstances. Rule 60(b)(6), the catch-all provision, permits a party to seek relief "when the movant shows 'any. . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (citations omitted). However, "courts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Cox v. Horn*, 757 F. 3d 113, 120 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). Such extraordinary circumstances "rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535. Moreover, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997). A motion brought pursuant to Rule 60(b)(6) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

### IV. DISCUSSION

#### A. New Arguments Raised in Reply

As a preliminary matter, the Court notes that *pro se* petitioner raised two new arguments in his Reply: that he is entitled to relief under Rule 60(b)(3) and under Rule 60(d)(3). The Court need not consider these arguments on the ground that the "moving party may not raise new issues . . . in a reply brief that it should have raised in its initial brief." *D'Alessandro v. Bugler*

*Tobacco Co.*, No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007). Nevertheless, the Court considers the arguments raised by *pro se* petitioner in his Reply under rules 60(b)(3) and 60(d)(3).

A motion pursuant to Rule 60(b)(3), which allows relief from judgment based on fraud, misrepresentation, or misconduct by an opposing party, must be brought "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). *Pro se* petitioner seeks relief from the entry of judgment dated August 28, 2013, and he filed the Rule 60(b) Motion on July 20, 2018, almost five years later. Accordingly, *pro se* petitioner's Rule 60(b)(3) argument, even if raised in his Rule 60(b) Motion, is untimely.

Rule 60(d)(3) states, "This rule does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). This provision is not an independent basis for relief; rather, it states that Rule 60 does not affect a court's power to set aside a judgment under other rules related to fraud on the court. Accordingly, *pro se* petitioner's Rule 60(d)(3) argument, even if raised in his Motion, provides no grounds for relief.

### B. Timeliness Under Rule 60(b)(6)

*Pro se* petitioner argues the Rule 60(b) Motion is based on *McCoy v. Louisiana*, which was decided on May 14, 2018. He filed the Motion on July 20, 2018, less than three months after the *McCoy* decision. In response, the Government argues the Motion is untimely because it was filed almost five years after the entry of the judgment on *pro se* petitioner's habeas petition on August 28, 2013. Gov't's Resp. 3.

"A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse a party's failure to proceed sooner." *Taylor*

6

*v. Wetzel*, No. 04-553, 2014 WL 5242076, at *6 (M.D. Pa. Oct. 15, 2014) (quoting *Gordon v. Monoson*, 239 Fed. App'x 710, 713 (3d Cir. 2007)).

*Pro se* petitioner's Rule 60(b) Motion is based on *McCoy v. Louisiana*, which was decided on May 14, 2018. He filed the Motion within three months of that decision. The Court thus concludes that the Motion was timely filed.

### C. Ineffective Assistance of Counsel Argument

*Pro se* petitioner claims his trial counsel was ineffective under *McCoy* on the grounds that he presented a guilt-based defense and made comments in his closing argument that implicated him in the crimes, over his objections. Rule 60(b) Mot., 4. In the Motion, he argues that (1) his PCRA counsel provided ineffective assistance in raising this claim, and (2) his PCRA appellate counsel was ineffective for failing to timely appeal the denial of his PCRA petition. *Id.* at 2-4. In response, the Government states *pro se* petitioner is not entitled to relief on the grounds that (1) his claim is procedurally defaulted because he failed to appeal the denial of his PCRA petition, and *McCoy* does not excuse the default; and (2) *McCoy* does not present extraordinary circumstances justifying relief. In his Reply, *pro se* petitioner argues that "the 'default' did in fact occur at the first initial-stage of the PCRA process" because his PCRA counsel did not pursue his *McCoy* claim before the PCRA court. Reply, 2.

#### 1. Applicable Law

A federal writ of habeas corpus may not be granted to a person incarcerated pursuant to a state court judgment unless he or she has first exhausted the remedies available in state court. 28 U.S.C. § 2254(b)(1). Thus, "[w]hen a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court"

because it is procedurally defaulted. *Ylst v. Nunnemaker,* 501 U.S. 797, 801 (1991). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

"A state rule provides an independent and adequate basis for precluding federal review of a claim if the rule speaks in unmistakable terms, all state appellate courts refused to review the petitioner's claims on the merits, and the state courts' refusal was consistent with other decisions, that is, the procedural rule was consistently and regularly applied." *Albrecht v. Horn*, 485 F.3d 103, 115 (3d Cir. 2007) (internal alterations and quotation marks omitted) (quoting *Doctor v. Walters,* 96 F.3d 675, 683–84 (3d Cir. 1996)). *See generally* James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 26.1 (7th ed. 2016) (discussing the criteria used to determine whether a state procedural rule constitutes an independent and adequate state ground). Such a rule is independent "when resolution of the state procedural law question [does not] depend[ ] on a federal constitutional ruling." *Ake v. Oklahoma,* 470 U.S. 68, 75 (1985).

A state procedural rule will not bar federal review of a habeas claim unless that rule was firmly established and regularly followed at the time the default occurred. *Ford v. Georgia,* 498 U.S. 411, 424 (1991). "As such, in determining whether a particular state rule is independent and adequate, the Court must identify the state procedural rule, ascertain the time at which the alleged default occurred and then decide whether the rule was firmly established and regularly

8

and consistently applied at the time the alleged default occurred." *Laird v. Horn*, 159 F. Supp. 2d 58, 74 (E.D. Pa. 2001).

Although procedurally defaulted claims are barred as a general rule, a federal court may reach such claims upon a showing of cause and prejudice or a fundamental miscarriage of justice. *Id.* at 70; *see also Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000) ("[C]laims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner establishes cause and prejudice or a fundamental miscarriage of justice to excuse the default.") (internal quotation marks omitted) (citing *Coleman,* 501 U.S. at 731).

To establish "cause" for procedural default, "the petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Werts v. Vaughn,* 228 F.3d 178, 193 (3d Cir. 2000) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)), *cert. denied*, 532 U.S. 980 (2001). Under *Martinez v. Ryan*, a petitioner can establish cause where ineffective assistance of initial state collateral review counsel prevented the state collateral review court from hearing a claim of ineffective assistance of trial counsel, causing the procedural default. 132 S. Ct. at 1315.

To show "prejudice," the petitioner must prove "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (emphasis in original). "This standard essentially requires the petitioner to show he was denied 'fundamental fairness' at trial." *Werts,* 228 F.3d at 193.

Finally, "[t]o show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime, by presenting new evidence of innocence." *Keller v. Larkins*, 251 F.3d 408, 415-16 (3d Cir. 2001) (internal citation omitted) (citing *Schlup v. Delo,* 513 U.S. 298, 316 (1995), *McCleskey v. Zant,* 499 U.S. 467, 494 (1991)).

    2. Pro Se *Petitioner's Argument*

In his § 2254 Petition, Furman claimed his trial counsel was ineffective for presenting a guilt-based defense over his objections. This Court dismissed the claims as procedurally defaulted on the ground that Furman failed to timely appeal the denial of his PCRA claims after the PCRA court addressed and rejected his ineffective assistance of counsel argument. R & R, 14. Failure to exhaust state administrative remedies is an independent and adequate state ground for procedural default. *See Paolino v. Glunt*, No. 11-cv-5436, 2012 WL 7018081, at *9-10 (E.D. Pa. Jan. 12, 2012) (concluding that petitioner's claims were procedurally defaulted because, although petitioner raised them in his initial PCRA proceedings, he did not pursue the claims on appeal).

In his Rule 60(b) Motion, *pro se* petitioner argues that *McCoy* alters the Court's analysis of his ineffectiveness claim and that his procedural default should be excused because his initial PCRA counsel and appellate PCRA counsel were also ineffective. Rule 60(b) Mot., 3. In response, the Government argues that *McCoy* does not apply to *pro se* petitioner's claim because the claim is procedurally defaulted, and *Martinez* does not excuse the default because the default did not occur on the initial post-conviction review. Gov't's Resp., 4-5.

Although *pro se* petitioner claims that *McCoy* changes the Court's analysis of his claim, his argument in his Motion is not based on the *McCoy* decision. Rather, *pro se* petitioner's

10

argument is based on *Martinez v. Ryan*, which he cites for the proposition that ineffective assistance of counsel can excuse procedural default on initial PCRA review in limited circumstances. *Id.* As a preliminary matter, the Court notes that this argument was raised, addressed, and rejected in Furman's initial habeas petition. The Court rejects it again here.

*Martinez* does not apply to this case. *Martinez* excuses procedural default only when ineffective assistance of counsel on initial state collateral review prevents the state court from hearing a claim of ineffective assistance of trial counsel, causing a procedural default. 132 S. Ct. at 1315. This equitable exception was created because "if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims." *Id.* at 1316. In this case, the PCRA court heard and rejected *pro se* petitioner's claim that his trial counsel was ineffective for conceding his guilt. *Commonwealth v. Furman*, No. CP-51-CR-0402822-2001, slip op. at 9-10 (Phila. C.C.P. Dec. 10, 2009). Contrary to *pro se* petitioner's assertion, the procedural default occurred when he failed to timely appeal the denial of his PCRA petition. As such, *Martinez* does not excuse the procedural default. Because *pro se* petitioner's ineffective assistance of counsel claim is procedurally defaulted and the *McCoy* decision does not excuse the procedural default, the Court concludes *pro se* petitioner has not shown cause excusing the procedural default.

Because *pro se* petitioner is unable to show cause for the procedural default, he can excuse the default only if he shows a fundamental miscarriage of justice—new evidence of actual innocence. However, *pro se* petitioner has not presented any evidence that he is actually innocent of the crimes of conviction, and he does not argue that he is actually innocent.

11

Accordingly, *pro se* petitioner has not shown a fundamental miscarriage of justice necessary to excuse the procedural default. The Court thus concludes that *pro se* petitioner has not shown extraordinary circumstances justifying relief under Rule 60(b)(6).[3]

## V.     CONCLUSION

For the forgoing reasons, *pro se* petitioner's Rule 60(b) Motion is denied. A certificate of appealability will not issue because reasonable jurists would not debate the propriety of this Court's procedural ruling with respect to *pro se* petitioner's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

---

[3] Because the Court concludes that *pro se* petitioner's claim is procedurally defaulted, and he is, therefore, not entitled to relief under *McCoy*, the Court need not consider the Government's argument that the *McCoy* decision cannot present extraordinary circumstances justifying relief under Rule 60(b)(6).